**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00455-MR**

| | |
|---|---|
| **HERBERT JAMES WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **ANDREW SAUL, Commissioner** ) | |
| **of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for
Summary Judgment [Doc. 8] and the Defendant's Motion for Summary
Judgment [Doc. 10].

## I.    PROCEDURAL HISTORY

The Plaintiff, Herbert James Wilson ("Plaintiff"), filed applications for
disability insurance benefits under Title II of the Social Security Act (the "Act")
and supplemental security income under Title XVI of the Act, alleging an
onset date of June 21, 2011. [Transcript ("T.") at 185-186]. The Plaintiff's
applications were denied initially and upon reconsideration. [T. at 111-114,
118-124]. Upon Plaintiff's request, a hearing was held on August 22, 2013
before an Administrative Law Judge ("ALJ"). [T. at 63-91]. On September

11, 2013, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of June 21, 2011. [T. at 47-62]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 9-13].

On January 6, 2015, the Plaintiff initiated a civil action in this Court seeking review of the ALJ's 2013 decision. [See Civil Case No. 3:15-cv-00005-RJC, Doc. 1]. On August 11, 2015, the Honorable Robert J. Conrad, Jr., United States District Judge, entered an Order granting the Defendant's consent motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. [Id., Doc. 10]. On October 13, 2015, the Appeals Council issued an order remanding the case to the ALJ to give further consideration to the Plaintiff's residual functional capacity and further evaluate the treating source opinions and explain the weight given to such opinion evidence. [T. at 1326-1330].

On December 7, 2016, a second hearing was held before the same ALJ. [T. at 1296-1325]. On March 1, 2017, the ALJ issued a written decision finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date June 21, 2011 through October 26, 2015. [T. 1342-1372]. The ALJ's written decision, however, found that the Plaintiff had been

disabled within the meaning of the Act since October 27, 2015. [Id.]. The Appeals Council declined to assume jurisdiction over Plaintiff's request for review of the ALJ's 2017 decision, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1284-1289].

The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."  Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted).  "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III.  THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps."  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to step two, where the claimant must show a severe impairment.  If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; <u>Mascio</u>, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. <u>Id.</u> Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. <u>Id.</u>; <u>Hines v. Barnhart</u>, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; <u>Mascio</u>, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. <u>Id.</u> Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV.    THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date, June 21, 2011.  [T. at 1348].  At step two, the ALJ found that the Plaintiff has severe impairments, including degenerative joint disease, degenerative disc disease, obesity, affect disorder, and adjustment disorder. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings.  [T. at 1350].  The ALJ then determined that the Plaintiff, notwithstanding his impairments, has the RFC:

> [T]o perform light work (lifting and carrying 20 pounds occasionally and 10 pounds frequently, as defined in 20 CFR 404.1567(b)) except that he needs a sit/stand option with the ability to change positions at will.   He needs a cane to ambulate but not in performance of his duties.   He should not climb ropes, ladders, or scaffolds. He is limited to simple, routine, repetitive tasks with no public contact in a nonproduction setting. The [Plaintiff] can stay on task for two hours at a time throughout the workday.

[T. at 1351-1352].

At step four, the ALJ identified Plaintiff's past relevant work as a letter carrier, authority mechanic of heavy equipment, and mechanic. [T. at 1362]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that prior to October 27, 2015, considering Plaintiff's age,

education, work experience, and RFC, Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy, including silver wrapper, merchandise marker, and bottling line attendant. [T. at 1363]. The ALJ concluded, however, that beginning October 27, 2015, there are no jobs that exist in significant numbers in the national economy that the Plaintiff is capable of performing. [T. at 1364]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act prior to October 27, 2015, but that the Plaintiff became disabled on that date and has continued to be disabled through March 1, 2017, the date of the ALJ's decision. [Id.].

## V. DISCUSSION[1]

As one of his assignments of error, the Plaintiff argues that the ALJ erred in failing to adequately consider the Department of Veterans Affairs ("VA") disability rating determination as required by the Fourth Circuit's decision in Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir. 2012). [Doc. at 5, 17-18].

In making a disability determination, the ALJ is required to consider all relevant record evidence, including disability decisions rendered by other

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

agencies.  SSR 06–03p, 2006 WL 2329939 at *6-7. [2]  The decisions by other agencies, "and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s)." Id.  While a determination of disability made by another governmental or nongovernmental agency is not binding on the ALJ, see 20 C.F.R. § 404.1504, the ALJ should nevertheless "explain the consideration given to these decisions," SSR 06–03p.

In Bird, the Fourth Circuit stated that "[b]ecause the purpose and evaluation methodology of both [the VA and SSA] programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency."  699 F.3d at 343 (emphasis added).  Accordingly, the Court held that:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

---

[2] The Social Security Administration's rescission of SSR 06-03p became effective for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017). In the present case, the Plaintiff filed his claim prior to March 27, 2017. As such, SSR 06-03p still applies.

Id. at 343 (emphasis added).

Here, the record evidence before the ALJ contained multiple disability decisions by the VA. On December 4, 2009, the VA issued a decision assigning the Plaintiff an 80% service-connected disability rating. [T. at 815-822, 829-834]. Specifically, the VA decision assigned the Plaintiff a 20% disability rating for his cold (frostbite) injury of right foot with peripheral neuropathy; a 20% disability rating for his cold (frostbite) injury of left foot with peripheral neuropathy; a 10% disability rating for his gastroesophageal reflux disease ("GERD"); a 30% disability rating for his degenerative joint disease of the cervical spine; a 10% disability rating for his sinusitis; and deferring a rating decision on the his left and right knee conditions. [T. 815-822]. On January 20, 2010, upon the request of the Plaintiff to reopen his previous claim of benefits, the VA issued a new ratings decision explaining why the Plaintiff's 80% disability rating remained unchanged and deferring a rating decision on his left and right knee conditions. [T. at 824-826].[3] On August 28, 2014, the VA issued a new ratings decision assigning the Plaintiff a 90% disability rating and granting the Plaintiff entitlement to individual unemployability benefits effective September 14, 2011. [T. at 256-260].

_____

[3] The Court notes that the record appears to omit the fourth page of the January 20, 2016 VA rating decision. [See T. at 825-826].

Here, the ALJ's decision does not actually cite to any of the VA Rating Decisions contained in the evidence or record. Rather, the ALJ only cites to a VA letter that summarizes the Plaintiff's benefits. [See T. at 1359, 260-262, 1103, 1123]. While the ALJ states that he "has fully considered the findings contained within the Rating Decision," he provides no citation to any of the actual VA Rating Decisions and does not indicate which Rating Decision was considered. [T. at 1359]. Even taking at face value the ALJ's statement that he considered the VA Rating Decisions, none of the reasons presented by the ALJ, either alone or in combination, "clearly demonstrate" that a deviation from affording the VA rating substantial weight is appropriate.

In his decision, the ALJ provides as part of his basis for assigning "little weight" to Plaintiff's 90% VA Rating that:

> Because the ultimate responsibility for determining whether an individual is disabled under the Social Security [Act] rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply other rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency.

[T. at 1359]. By supporting his decision in such a manner, however, the ALJ has impermissibly conflated his **authority** to make a disability determination with the proper legal **standard** for making the determination. The general

statement that the VA and SSA disability determinations may differ in theory and therefore are of limited relevance, is simply not sufficient. The Fourth Circuit has already found "the purpose and evaluation methodology of" the VA program to be so closely related as to render a VA disability rating "highly relevant" to an SSA determination. See Bird, 699 F.3d 337 at 343. More importantly, the ALJ's statement, unsupported by any citation, that Plaintiff's "conservative treatment, mild physical examinations, and reported improvements" is also insufficient to "clearly demonstrate" that it is appropriate to deviate from the requirement that he afford the VA's Rating Decision substantial weight. Id. In addition, the ALJ's basis for determining that Plaintiff's treatment is "conservative," appears to be in conflict with other portions of his own discussion of the evidence. Earlier in the decision, without any citation to the record, the ALJ states that:

> **Prior to October 27, 2015**, although the [Plaintiff] received treatment for the allegedly disabling impairments, that treatment was essentially routine and **conservative in nature**. For example, the [Plaintiff] maintained stability on a medication/ injection regimen and **required no surgery**, or aggressive therapies.

[T. at 1353 (emphasis added)]. However, in the following paragraph, the ALJ states that:

> Records show the [Plaintiff] underwent arthroscopy, medial meniscectomy, and chondroplasty of the

> lateral tibial plateau of the right knee **in June 2007**. He had pain secondary to traumatic arthritis and it was noted at the **time of surgery** he had grade IV lateral tibial plateau osteochondral changes.

[Id. (emphasis added)].

Without a sufficient explanation by the ALJ for giving little weight to the VA determinations, the Court cannot say that "the record before the ALJ clearly demonstrates that such a deviation is appropriate."  See Bird, 699 F.3d at 343.  As such, the ALJ's failure to properly weigh and explain the consideration given to the Plaintiff's disability ratings by the VA frustrates meaningful review of the ALJ's decision on this issue.  For this reason, the decision of the ALJ must be reversed.

In light of this decision, Plaintiff's other assignments of error need not be addressed at this time but may be addressed by him on remand.

## VI.  CONCLUSION

For the reasons stated, remand is required.  On remand, the ALJ shall properly weigh Plaintiff's VA disability ratings as required by the Regulations and the Fourth Circuit's decision in Bird.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 8] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 10] is **DENIED**.  Pursuant to the power of this

Court to enter judgment affirming, modifying or reversing the decision of the

Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of

the Commissioner is **REVERSED** and the case is hereby **REMANDED** for

further administrative proceedings consistent with this opinion and only as to

the Plaintiff's claim for benefits from June 21, 2011 through October 27,

2015.  A judgment shall be entered simultaneously herewith.

    **IT IS SO ORDERED.**

Signed: September 25, 2019

Martin Reidinger
United States District Judge